## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RANDY RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 13-CV-00403-JPG-DGW |
| | ) | |
| v. | ) | Judge J. Phil Gilbert |
| | ) | |
| THE CITY OF FAIRVIEW HEIGHTS, | ) | Magistrate Judge Donald G. Wilkerson |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### AND SUPPORTING MEMORANDUM

Defendant, City of Fairview Heights, by its attorneys, Julie A. Bruch and Benjamin M. Jacobi, pursuant to Fed.R.Civ.P. 56, moves for partial summary judgment as to certain claims brought by plaintiff Randy Russell. In support of this motion, Fairview Heights states as follows:

### Facts

1.      On April 2, 2013, plaintiff Randy Russell filed suit against his former employer City of Fairview Heights and attempts to bring claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967; age discrimination and retaliation in violation of the Illinois Human Rights Act; race discrimination in violation of Title VII of the Civil Rights Act of 1964; race discrimination in violation of 42 U.S.C. §1981; and a state law retaliatory discharge claim. (Doc. 2).

2.      Russell alleges that he "filed a charge of discrimination based on race, retaliation, age and disability and received his notice of dismissal and right to sue on

January 11, 2013." (Doc. 2 at ¶1). He claims that a copy of the notice of dismissal and right to sue is attached as Exhibit A, but no Ex. A was attached to defendant's copy of the complaint.

      3.      Attached and incorporated herein is the EEOC Dismissal and Right to Sue mailed to Russell on June 8, 2011.  (See EEOC Right to Sue).

      4.      Attached and incorporated herein is the Illinois Department of Human Rights (IDHR) Notice of Dismissal for Lack of Substantial Evidence mailed to Russell on January 7, 2013.  (See IDHR Notice of Dismissal).

      5.      Russell would have received a copy of the IDHR notice of right to sue on January 11, 2013, not the EEOC notice which was sent one and a half years earlier.

## Argument

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the court should view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986). The mere existence of "some" alleged factual dispute will not defeat a motion for summary judgment; "the requirement is that there be no genuine issue of material fact."  Id. at 247-248; 106 S. Ct. 2510. Summary judgment is not "a disfavored procedural shortcut, but rather [it is] an integral part of the federal rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'" *Celotex Corp v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986).

## I.      Russell's ADEA Claim is Untimely.

In Count I, Russell seeks to bring a discrimination and retaliation claim under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621, et. seq. Under the ADEA, a plaintiff has 90 days to file his lawsuit in federal court after receiving a right-to-sue letter from the EEOC. *See* 29 U.S.C. § 626(e). This 90-day period is "essentially" a statute of limitations. *Zipes v. TWA*, 455 U.S. 385, 393 (1981).

The Seventh Circuit presumes that an individual receives notice from an administrative agency five days after the mailing date. *See Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989) (in an appeal from Social Security Administration determination, finding that "unless proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Jackson v. FBI*, No. 02 C 3957, 2007 U.S. Dist. LEXIS 64182, 2007 WL 2492069, at *5 (N.D. Ill. Aug. 28, 2007) (citing *Loyd's* five day presumption in EEOC context).

Thus, Russell is presumed to have received the EEOC notice by June 13, 2011. Russell's 90 day deadline to file suit for his ADEA claim ran on September 12, 2011. Therefore, his April 2, 2013 complaint is well past his deadline to bring an ADEA claim and thus Count I should be dismissed with prejudice.

## II.      Russell's Title VII Claim is Untimely.

In Count III, Russell seeks to bring a claim of "disparate treatment of race, discrimination and violation of Title Seven of the Civil Rights Act of 1964, as amended,

42 U.S.C. §2000e-2(a)(1)(2)." (Doc. 2, Count III ¶2).  Under the Title VII, a plaintiff has 90 days to file his lawsuit in federal court after receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Lee v. Cook County,* 635 F.3d 969, 971 (7th Cir. 2011). As set forth in Section I, Russell's deadline to file a Title VII claim was September 12, 2011.  Therefore, his Title VII claim is untimely.

In Count III, Russell further alleges that certain employment decisions by defendant were carried out based on Russell's disability.  While Russell does not allege anywhere in his complaint that he is making a claim under the Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.*, the ADA contains the same deadline to file suit within 90 days of receiving the right-to-sue-letter from the EEOC.  42 U.S.C. §2000e-f(1); 42 U.S.C. § 12117(a); *Moses v. USW Local Union 1014*, 2013 U.S. Dist. LEXIS 70905, 17, 2013 WL 2177577 (N.D. Ind. May 20, 2013). Therefore, under either Title VII or the ADA, Russell's claims are untimely and should be dismissed with prejudice.

WHEREFORE, for the reasons set forth herein, defendant Fairview Heights prays that this Court dismiss Counts I and III of plaintiff Randy Russell's Complaint with prejudice.

Respectfully submitted,

**CITY OF FAIRVIEW HEIGHTS**

By:    *s/Julie A. Bruch*

Julie A. Bruch (#6215813)
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  (847) 291-0200 / Fax: (847) 291-9230
e-mail:  jbruch@okgc.com

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RANDY RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 13-CV-00403-JPG-DGW |
| | ) | |
| v. | ) | Judge J. Phil Gilbert |
| | ) | |
| THE CITY OF FAIRVIEW HEIGHTS, | ) | Magistrate Judge Donald G. Wilkerson |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2013 I electronically filed Defendant's Motion for

Partial Summary Judgment with the Clerk of Court using the CM/ECF system and sent

notification of such filing to the following non-registered participant via U.S. Mail:

Randy Russell
13 Joseph Drive
Fairview Heights, Illinois  62208

**CITY OF FAIRVIEW HEIGHTS**

By:    *s/Julie A. Bruch*
Julie A. Bruch # 6215813
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  (847) 291-0200
Fax: (847) 291-9230
E-mail:  jbruch@okgc.com