IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDY RUSSELL,

    Plaintiff,

vs.

CITY OF FAIRVIEW HEIGHTS,

    Defendant.

Case No. 13-cv-403-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant City of Fairview Heights' ("Fairview Heights") motion for partial summary judgment (Doc. 17). Plaintiff Randy Russell failed to file a timely response, and this Court ordered him to show cause on or before October 4, 2013, why the Court should not construe his failure to timely respond as an admission of the merits of the summary judgment motion. Russell failed to respond to this Court's show cause order. As such, the Court construes Russell's failure to respond as an admission of the merits of Fairview Heights' summary judgment motion. For the following reasons, the Court grants Fairview Heights' partial motion for summary judgment.

**1. Background**

Russell, a fifty-one-year-old African-American male, worked for Fairview Heights since 2003. He was injured at work in July 2009 and August 2009, and filed for workers compensation benefits. Eventually, Russell's doctor released him to work on light duty in October 2010. Drew Awsom, the City Administrator, informed Russell there was no light duty work available for Russell. Russell, however, alleges he had seen numerous younger, Caucasian males come back after an injury and perform light duty work.

On November 17, 2011, Russell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging Fairview Heights discriminated against him based on race, retaliation, age and disability. Doc. 17-1, p. 3. The EEOC mailed Russell a right-to-sue letter on March 16, 2012. Doc. 17-1, p. 1. On April 2, 2013, Russell filed his complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging the following claims against Fairview Heights: (1) Count One – age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) Count Two - age discrimination and retaliation in violation of the Illinois Human Rights Act; (3) Count Three – race discrimination in violation of Title VII of the Civil Rights Act of 1964; (4) Count Four – race discrimination in violation of 42 U.S.C. § 1981; and (5) Count Five – state law retaliation. Fairview Heights removed the case to this Court. In the instant motion for partial summary judgment, Fairview Heights contends Russell's ADEA and Title VII claims[1] must be dismissed because they are untimely. The Court will now consider whether Fairview Heights is entitled to judgment as a matter of law on Russell's ADEA and Title VII claims.

**2. Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party

---

[1] Fairview Heights also argues that any Americans with Disability Act ("ADA") claim must be dismissed. Because the complaint does not include an ADA claim, the Court will not address that argument.

fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Under both the ADEA and Title VII, Russell had 90 days to file his lawsuit after he received his right-to-sue letter from the EEOC.  29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).  There is a common law presumption that Russell received the letter five days after the date of its mailing.  *Washington v. Foresman*, 148 F.R.D. 241, 244 (N.D. Ind. 1993) (citing *Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989)).  Fairview Heights attached the EEOC's right-to-sue letter which indicates the EEOC mailed the letter to Russell on March 16, 2012. Doc. 17-1.[2] Because Russell has submitted no evidence to overcome the five-day presumption, the Court presumes Russell received the EEOC right-to-sue letter on March 21, 2012.  Accordingly, Russell had until June 19, 2012, to commence his action in a trial court.  Because he did not file

---

[2] In its motion for summary judgment, Fairview Heights alleges the right-to-sue letter was mailed to Russell on June 8, 2011.  Doc. 17, p. 2.  The exhibit, however, indicates the right-to-sue letter was mailed on March 16, 2012.  Doc. 17-1, p. 1.

his lawsuit until April 2, 2013, over 10 months beyond the 90-day limitations period, Fairview Heights is entitled to judgment as a matter of law on Russell's ADEA and Title VII claims.

### 3. Conclusion

The Court **GRANTS** Fairview Heights' motion for partial summary judgment (Doc. 17) and **DISMISSES** Russell's ADEA and Title VII claims contained in Counts One and Three of his complaint.

**IT IS SO ORDERED.**

**DATED:** October 11, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
