IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-403-JPG-DGW |
| ) | |
| CITY OF FAIRVIEW HEIGHTS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Stay (Doc. 21) filed by Plaintiff, Randy Russell, on March 24, 2013. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, that this matter be **DISMISSED FOR LACK OF PROSECUTION**, and that the Court adopt the following findings of fact and conclusions of law.

## FINDINGS OF FACT

A telephonic discovery dispute conference was scheduled to be held in this matter on December 16, 2013 as Plaintiff had failed to respond to Defendant's interrogatories and requests to produce (Doc. 28). On that date, Julie Bruch appeared on behalf of Defendant, City of Fairview Heights, and Plaintiff, *pro se*, failed to appear. *Id*. On January 3, 2014, the undersigned ordered Plaintiff to appear in person at the East St. Louis Courthouse on January 14, 2014 at 2:00 pm (Doc. 29). Plaintiff was warned that his failure to appear may result in a recommendation for dismissal of his lawsuit for failure to prosecute. *Id*.

On January 14, 2014, Plaintiff appeared in-person and the undersigned ordered Plaintiff to respond to discovery requests within 21 days, by February 4, 2014.  Plaintiff failed to respond to discovery requests as ordered and the undersigned scheduled a telephonic discovery dispute conference to be held March 10, 2014 (Doc. 32).  On March 10, 2014, Plaintiff appeared by telephone, acknowledged his failure to respond to discovery requests, and indicated that he was considering voluntarily dismissing his case as he had health issues and could not find an attorney (Doc. 34).  The undersigned again ordered Plaintiff to respond to Defendant's discovery request by March 25, 2014 or show cause in writing as to why the undersigned should not recommend his case be dismissed for failure to prosecute.  Plaintiff has again failed to comply with the undersigned's Order (Doc. 34).  Instead, on March 24, 2014, Plaintiff filed the pending motion to stay this case.  In that motion, Plaintiff asks this Court to stay the case or vacate it because of his medical condition.

## CONCLUSIONS OF LAW

Rule 41(b) states that "[i]f the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute.  *Frank Daniels v. Bernard J. Brennan*, 887 F.2d 783 (7th Cir. 1989).  The Seventh Circuit has made clear that a district court has broad discretion to dismiss an action for a plaintiff's dilatory conduct either on the basis of "lack of prosecution" and/or "misconduct." *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Maynard v. Nygren,* 372 F.3d 890, 892 (7th Cir. 2004).

Plaintiff's repeated disregard for this Court's Orders and the rules of discovery warrant dismissal of his case for failure to prosecute.  The undersigned warned Plaintiff on two occasions

that his failure to follow orders of the Court may result in a recomm endation that his case be dismissed. *See Ball v. City of Chi*, 2 F.3d 752, 760 (7th Cir. 1993) ("there must be an explicit warning before the case is dismissed" for failure to prosecute). Even after the warnings, Plaintiff has failed to prosecute this case. As such, this Court **RECOMMENDS** that Plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Stay be **DENIED,** that the matter be **DISMISSED WITH PREJUDICE** for failure to prosecute**,** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:** May 6, 2014

**DONALD G. WILKERSON**
**United States Magistrate Judge**